IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS

**WALTER C. GRADY,**

                      **Petitioner,**

             v.                          CASE NO.  10-3027-SAC

**RAY ROBERTS,**
**Warden, et al.,**

                      **Respondents.**

                         **O R D E R**

   This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas.  Having examined the materials filed, the court finds as follows.  Petitioner's motion for leave to proceed in forma pauperis is   granted based upon   the financial information recently submitted in support.

   Mr. Grady was convicted of rape by a jury in the District Court of Sedgwick County, Wichita, Kansas.  He was also convicted upon his pleas of guilty of aggravated burglary, sexual battery, and attempted robbery.  He was sentenced  on January 16, 2004 to 620 months in prison.  He appealed, and the Kansas Court of Appeals (KCOA) affirmed on December 30, 2005.  His Petition for Review was denied on May 10, 2006.  See Appellate Case No. 92930 (Kansas Dist. Case No. 03-CR-1649).

   Petitioner filed a state post-conviction motion in the trial court on January 8, 2007, which was denied.  He appealed, and the KCOA affirmed on October 10, 2008.  He filed a Petition for Review in the Kansas Supreme Court, which was denied on February 11, 2009. See Appellate Case No. 98874 (Kansas Dist. Case No. 07-CV-74).

   As ground 1 for this Petition,  Mr. Grady claims  ineffective

assistance of trial and appellate counsel.  As facts in support, he alleges that both counsel failed to introduce evidence that there was no rape.  He alleges that his lawyer misled the jury by stating defendant was not guilty of all the crimes.  He also alleges that his attorney represented him for only one week before his trial began.  He claims his appellate counsel was ineffective for failing to raise these issues.  He alleges that he raised this issue on direct appeal and in his state post-conviction proceedings.

As ground 2, petitioner claims the evidence of rape was insufficient.  In support, he alleges he always maintained he was innocent of the rape while admitting his guilt of the other crimes, two medical lab tests revealed no s   igns of rape, there was no evidence or DNA on the object thought to have been used, and a sexual assault nurse testified three times that they found nothing indicating the victim had been raped.  He also alleges his trial and appellate counsel failed to correctly argue this issue, and he was denied a supplemental brief.  He states that he raised this claim on direct appeal and in his state post-conviction petition.

Mr. Grady alleges that he has exhausted state court remedies on his claims.  He states that the one-year statute of limitations in this case "begins on February 11, 2009" and he was required to file this Petition by February 11, 2010.  The Petition was executed on February 2, 2010.

## STATUTE OF LIMITATIONS

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

A 1-year period of limitation shall apply to an

2

> application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Petitioner is incorrect that the federal statute of limitations began running in his case on February 11, 2009. Instead, under the express terms of § 2244 it began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Mr. Grady's Petition for Review on direct appeal was denied on May 10, 2006. He had 90 days from that date to file a Petition for Writ of Certiorari in the United States Supreme Court, which he did not do. Thus, the time for him to seek direct review expired 90 days after May 10, 2006, which was on August 8, 2006. Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001)("[T]he one-year limitation period for filing a federal habeas petition does not begin to run until . . . after the time [90 days] for filing a petition for certiorari with the Supreme Court has passed."); Clark v. Bruce, 159 Fed.Appx. 853, 854-55 (10th Cir. 2005)(One-year period for filing petition for writ of habeas corpus in federal court began to run 90 days after state Supreme Court's denial of petitioner's request for review of his conviction."). It follows that his conviction became "final" as that term is used in § 2244(d) on August 8, 2006, and the statute of

3

limitations began running in this case the next day on August 9, 2006. It ran unimpeded until Mr. Grady filed a state motion that tolled its running. As a result, 154 days of the 365-day limitation period expired before petitioner filed his state post-conviction motion.

Petitioner's state motion tolled further running of the statute of limitations as long as it was pending. It was pending from the date it was filed, January 8, 2007, until his Petition for Review was denied on February 11, 2009. On February 12, 2009, the statute of limitations recommenced running, and apparently ran until it expired 211 days later on September 10, 2009. As noted, the instant Petition was not executed until February 2, 2010, which was more than four months after the statute of limitations expired.

**SHOW CAUSE ORDER TO PETITIONER**

The court finds that unless Mr. Grady can show he is entitled to additional tolling, this action must be dismissed for failure to file the Petition before the statute of limitations expired. If petitioner cannot show that he is entitled to additional statutory tolling, he must allege facts demonstrating his entitlement to equitable tolling. Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10<sup>h</sup> Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Petitioner will be given time to allege facts showing he is entitled to additional statutory or equitable

4

tolling[1].

Petitioner is given the opportunity to show that his Petition should not be dismissed as time-barred. If he does not present facts within the time provided indicating that the statute of limitations in this case was tolled, either by statute or by equitable tolling, then this action will be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 24th day of February, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[1] Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808(10th Cir. 2000), *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71(5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Miller, 141 F.3d at 978; Marsh, 223 F.3d at 1220. The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevented a prisoner from timely filing; or when a prisoner actively pursued judicial remedies but filed a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 114 1 (10th Cir. 2003). Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808. Likewise, complaints regarding post-conviction counsel do not entitle a petitioner to equitable tolling.