IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALTER C. GRADY,

        Petitioner,

        v.                      CASE NO. 10-3027-SAC

RAY ROBERTS, Warden,
et al.,

        Respondents.

**O R D E R**

On February 24, 2010, the court entered an Order upon its initial review of this petition for writ of habeas corpus, 28 U.S.C. § 2254. The court found facts set forth in its prior Order indicating that this action is time-barred. Mr. Grady was granted time to show cause why this action should not be dismissed as a result. Petitioner was forewarned that if he did not present sufficient facts showing his entitlement to additional statutory or equitable tolling within the time provided, this action would be dismissed.

Petitioner filed a timely response. Having considered the Response (Doc. 5) together with all materials in the file, the court finds that this action must be dismissed as time-barred. Apparently in an attempt to show entitlement to equitable tolling, petitioner alleges that he was involved in an unrelated civil action at the same time as he was required to litigate his state habeas corpus action, and only implies that this prevented him from meeting the deadline for filing his federal habeas corpus petition.

In addition, he alleges that he was represented by counsel in his state habeas corpus action and on appeal of the denial of his state petition, and was told by counsel that he had one year from the decision of the Kansas Supreme Court in his state habeas proceedings to file his federal petition.

Unfortunately for petitioner, as explained in the court's prior Order, he had one year from the date his conviction became "final" upon completion of his direct appeal, as that term is used in 28 U.S.C. § 2244(d). Even if petitioner could prove that he was misinformed as to the start date of the federal statute of limitations by counsel representing him in state post-conviction proceedings, that would not be grounds for equitable tolling in this case. This is because there is no federal constitutional right to assistance of counsel in state post-conviction proceedings, and as a consequence no claim of ineffective assistance of counsel on that basis. In any event, the start date for the federal statute of limitations has been set forth in § 2244 since that statute was enacted in April 1996, and petitioner's lack of awareness of those statutory provisions is not grounds for equitable tolling.

The court finds that, based upon the facts set forth in the court's Order dated February 24, 2010, the instant federal petition was not filed within the applicable limitations period. The court further finds that petitioner has not alleged sufficient facts showing he is entitled to additional statutory or equitable tolling. Accordingly, the court concludes that this action must be

2

dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 25th day of May, at Topeka, Kansas.

s/Sam A. Crow  
U. S. Senior District Judge